FILED

2020 Aug-25  PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| Eulalia DIEGO-MIGUEL, | ***JURY TRIAL DEMANDED*** |
| *Plaintiff*, | |
| v. | Civil Action No.: |
| OCEAN PARTNERS, LLC and George J. REIS, | |
| *Defendants*. | |

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### INTRODUCTION

1.      Plaintiff Eulalia Diego-Miguel ("Plaintiff" or "Ms. Diego-Miguel") bring this action against her former employers, Ocean Partners, LLC and George J. Reis (collectively, "Defendants"), for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA" or "Act"). Defendants hired Ms. Diego-Miguel in 2017 to work two different shifts—washing dishes in the evening and cleaning the dining areas in the mornings—at two well-known restaurants they own and manage in Birmingham's Five Points South neighborhood. Only Ms. Diego-Miguel's evening hours were recorded and compensated through Defendants' payroll system; Defendants paid her via a separate check for the morning cleaning shift. Ms. Diego-Miguel's hours for the two shifts regularly exceeded forty hours per workweek, yet Defendants failed to compensate her in accordance with the FLSA's required overtime rate for each additional hour she worked after the first forty hours, essentially treating her morning and evenings shifts as if they were two separate jobs performed by two different employees. Ms. Diego-Miguel seeks to

recover unpaid overtime compensation, liquidated damages, reasonable attorney's fees and costs of suit by reason of Defendants' violations of the Act.

## JURISDICTION AND VENUE

2.      This action arises under the FLSA, 29 U.S.C. § 216(b), and thus is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

4.      Plaintiff Eulalia Diego-Miguel is an adult resident of the state of Alabama currently residing in Jefferson County, Alabama. She is a former employee of Defendants.

5.      At all times relevant to this complaint, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), and was engaged in interstate commerce or the production of goods for interstate commerce.

6.      Defendant Ocean Partners, LLC ("Ocean Partners") is an Alabama corporation registered at 800 Shades Creek Parkway, Suite 400, Birmingham, Alabama 35209. Ocean Partners operates the restaurants Ocean and 5 Point Public House Oyster Bar where Plaintiff worked. At all times relevant to this complaint, Ocean Partners conducted business in the state of Alabama, and employed Plaintiff within the meaning of the Act, 29 U.S.C. § 203(d).

7.      Defendant George J. Reis is the owner of Ocean and 5 Point restaurants. He is a manager of Defendant Ocean Partners, and a member and manager of RSD Partners, LLC, which owns Ocean Partners along with FITA Partners, LLC. At all times relevant to this complaint, Defendant Reis employed Plaintiff within the meaning of the Act, 29 U.S.C. § 203(d).

2

8.      At all times relevant to this complaint, Defendants had employees engaged in commerce or the production of goods for commerce, as defined by §203(s)(1) of the FLSA, and, on information and belief, Defendant Ocean Partners had an annual gross volume of sales made or business done not less than $500,000.00.

## FACTUAL ALLEGATIONS

### The Evening Dishwashing Shift

9.      Defendant Reis hired Ms. Diego-Miguel in August of 2017 to work as a dishwasher in the common dishwashing area that serves Ocean and 5 Point Public House Oyster Bar ("5 Point") restaurants, located next door to each other in Birmingham's Five Points South neighborhood (the "evening dishwashing shift").

10.      Ms. Diego-Miguel's starting wage for the evening dishwashing shift was $9.75 per hour.

11.      In October of 2017, Defendants increased her wage to $10.50 per hour. In July of 2018, her wage was increased to $11.35 per hour, and then to $12.00 per hour in May of 2019.

12.      Defendants paid Ms. Diego-Miguel for the evening dishwashing shift through the company's payroll system on a biweekly basis.

13.      Ms. Diego-Miguel's regular weekly work schedule for the evening dishwashing shift was from Tuesday through Saturday, from 3:00 p.m. until closing. Her shift usually ended around 11:00 p.m. On particularly busy Friday and Saturday evenings she sometimes worked as late as 1:00 or 2:00 a.m.

14.      During a typical workweek, Ms. Diego-Miguel worked approximately thirty-five to forty-five hours per week at the evening dishwashing shift. When she worked more than forty

3

hours per week, Defendants compensated her at one-and-one-half her regular rate of pay in accordance with the FLSA's overtime provision.

***The Morning Cleaning Shift***

15.     Several weeks after she started the evening dishwashing shift, Defendant Reis offered Ms. Diego-Miguel another shift in the mornings, cleaning the dining areas, bathrooms, windows, and other areas inside of Ocean and 5 Point restaurants (the "morning cleaning shift"). After accepting the morning cleaning shift, she continued to work the evening dishwashing shift as well.

16.     Ms. Diego-Miguel's regular weekly work schedule for the morning cleaning shift was from Monday through Saturday, from 6:00 a.m. to noon.

17.     Defendants paid Ms. Diego-Miguel a bimonthly wage of $950.00 for the morning cleaning shift.

18.     This is equivalent to an hourly wage of approximately $12.18 per hour based on her thirty-six-hour weekly work schedule.

19.     Defendants paid Ms. Diego-Miguel at the same rate for the morning cleaning shift regardless of how many hours she had worked at the evening cleaning shift in any given workweek or pay period.

20.     Ms. Diego-Miguel was paid for the morning cleaning shift twice per month, on or around the fifteenth and last day of each month, by handwritten checks drawn on the account of Defendant Ocean Partners.

21.     Ms. Diego-Miguel did not clock in and out for the morning cleaning shift, and the hours she worked in the mornings were not included in the paycheck and employee earnings

records she received from Ocean Partners, which only included her hours and pay for the evening dishwashing shift.

22.     Some days, when the restaurants were especially dirty from the previous night and she had to work late at the morning cleaning shift, Ms. Diego-Miguel did not have time to go home before her evening dishwashing shift.

23.     Defendants essentially treated Ms. Diego-Miguel's two shifts—cleaning the kitchen in the morning from approximately 6:00 a.m. to noon, six days per week, and washing dishes in the evening from approximately 3:00 p.m. until closing, five days a week—as if they were two separate jobs performed by two different employees, thus evading the FLSA's overtime requirements.

***Ms. Diego-Miguel's Workplace Injuries and Departure***

24.     On August 24, 2019, Ms. Diego-Miguel slipped on a set of stairs in the area connecting the kitchens of the two restaurants, falling and injuring her left knee. Despite pain and swelling in her knee and difficulty walking, Ms. Diego-Miguel continued to work for Defendants during both the morning and evening shifts.

25.     In or around October 2019, Defendants sent Ms. Diego-Miguel to see an occupational health doctor. Although she was initially permitted to return to work without restrictions, she stopped working in mid-November 2019 due the injury. She underwent surgery on her knee on November 22, 2019, and was unable to work for several months following the surgery.

26.     Ms. Diego-Miguel stopped working the evening dishwashing shift on or around November 11, 2019, the day she went to see an orthopedic doctor who recommended arthroscopic surgery on her knee. She stopped working the morning cleaning shift on or around November 15,

2019, because Defendant Reis told her she needed to continue working through the end of the bimonthly pay period.

27.      Defendants, through their insurer, provided worker's compensation to Ms. Diego-Miguel for her total temporary disability for several months, starting in mid-November 2019.

28.      In or around February of 2020, Ms. Diego-Miguel returned to work. She required the assistance of crutches and a knee brace to move around and do her job. When she returned to work, she only worked part-time at her dishwashing job in the afternoons, four days per week. She did not return to the morning cleaning shift.

29.      In or around March of 2020, Ms. Diego-Miguel fell while working and reinjured her knee. When she stated that she was going to call her husband to pick her up and go speak with her lawyer, Defendant Reis grew verbally aggressive with her, yelling at her to get out and go home, slamming his hands on the table, uttering profanities, and forcing her to leave the premises although she could not drive herself home. She went back to work on several occasions after the second injury, but was unable to work for more than a few hours due to the pain in her knee.

30.      Several weeks later, Defendants closed Ocean and 5 Point due to the COVID-19 pandemic. The restaurants recently reopened, but Defendants have not contacted Ms. Diego-Miguel to ask her to return to work.

## COUNT ONE:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations)

31.      Plaintiff re-alleges and incorporates by reference the above paragraphs as though fully set forth herein.

32.       Plaintiff brings this claim against Defendants for violation of the FLSA overtime provision, 29 U.S.C. § 207.

33.     Defendants willfully failed to pay Plaintiff one and one-half times her regular hourly wage for every compensable hour of labor she performed over forty hours during each workweek, in violation of 29 U.S.C. § 216(a)(1).

34.     As a result of these violations, Plaintiff suffered damages and may bring suit pursuant to 29 U.S.C. § 216(b).

35.     Plaintiff is not subject to any exemptions from the FLSA's overtime provision.

36.     Defendants are jointly and severally liable to Plaintiff for these violations of her rights under the FLSA.

37.     Plaintiff is entitled to an award of damages for unpaid overtime wages, plus liquidated damages in an equal amount, as well as attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREORE, Plaintiff Eulalia Diego-Miguel respectfully pray that this Court:

1.     Grant judgment in favor of Plaintiff and against Defendants, jointly and severally, for Plaintiff's claims under the FLSA, and award Plaintiff monetary damages for unpaid overtime wage payments, plus liquidated damages in an equal amount;

2.     Award attorney's fees and costs;

3.     Grant such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all claims.

Dated: August 25, 2020                    Respectfully submitted,

                                          /s/ Jessica Vosburgh
                                          Jessica Myers Vosburgh
                                          Alabama State Bar No. 1710-A00Y
                                          ADELANTE ALABAMA WORKER CENTER
                                          2104 Chapel Hill Rd.
                                          Birmingham, AL 35216
                                          (205) 317-1481 (office)
                                          (203) 415-8368 (cell)
                                          jessica@adelantealabama.org

                                          *Attorney for Plaintiff*